UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WHEEL PROS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RHINO TIRE USA, LLC; QINGDAO RHINO INTERNATIONAL CO., LTD.; and QINGDAO RHINO INT'L CO., LTD., <br><br> Defendants. | Case No.: 2:23-cv-00650-GMN-VCF <br><br> **[PROPOSED]** <br> **ORDER TO SHOW CAUSE** |

### I. Background

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(1), Wheel Pros, LLC ("Wheel Pros"), the plaintiff in a pending trademark infringement action regarding the marks RHINO, RHINO OFF-ROAD, and BLACK RHINO in the Middle District of Florida (*Wheel Pros, LLC v. Rhino Tire USA, LLC, et al.* (M.D. Fla. No. 6:22-cv-02171) (the "Florida Action")), has invoked the aid of this Court for an order compelling Nazley Aileen Bayramoglu and Bayramoglu Law Offices LLC (collectively "Bayramoglu") to comply with a subpoena issued by Wheel Pros on February 14, 2023 and amended as to date of production on March 7, 2023 (the "Subpoena") (ECF No. 1, pgs. 21-51 of 82).

In response to the Subpoena, Bayramoglu resisted production of a *non-privileged* settlement agreement (Bates Numbered BAYR 253-258) relating to now terminated *inter partes* trademark opposition proceeding number 91274920 before the Trademark Trial and Appeal Board (TTAB) of the United States Patent and Trademark Office (USPTO) which had been filed by non-party NAADE, Inc. ("NAADE") against Qingdao Rhino Int'l Co., Ltd. (the "Opposition Proceeding"). Bayramoglu resisted production of the settlement agreement on the grounds that the settlement agreement contains a confidentiality provision.

NAADE, however, did not appear before this Court or otherwise participate in this proceeding even though it was notified of the matter being litigated and had the opportunity to

intervene and file its objections to production of the Settlement Agreement. Wheel Pros and Bayramoglu fully briefed the Court on the matter and a remote video hearing was held on July 14, 2023.

## II. Standard

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b). Advisory Committee Notes to 1970 Amendment; Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning "any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). "Ultimately, district courts have broad discretion in determining whether evidence is relevant for discovery purposes." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 280 (N.D. Cal. 2015), citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"Generally, settlement communications between parties are privileged under Rule 408 of the Federal Rules of Evidence." *Lofton,* 308 F.R.D. at 282. But Rule 408 pertains to admissibility at trial, not discoverability, *see Big Baboon Corp. v. Dell, Inc.,* No. CV 09–01198 WCV (SSx), 2010 WL 3955831, at *2 (C.D.Cal. Oct. 8, 2010), and "there is no federal privilege preventing the discovery of settlement agreements and related documents." *Lofton,* 308 F.R.D. at 282, quoting *Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.,* 253 F.R.D. 521, 523 (C.D.Cal.2008).

Neither Bayramoglu nor Qingdao Rhino Int'l Co., Ltd. objects to production of the settlement agreement but feel constrained by the confidentiality restriction imposed by the settlement agreement absent a court order.

Since compliance with the present subpoena was required in this district, Wheel Pros' motion was properly filed in this Court in accordance with Federal Rule of Civil Procedure 45(d).

## III. Analysis

**1.  Relevance of the Settlement Agreement is Undisputed**

The underlying Florida Action is a trademark action involving RHINO trademarks. Wheel Pros alleges that it has long established rights to the BLACK RHINO trademark and is suing defendants, including Qingdao Rhino Int'l Co., Ltd (a Chinese limited liability company), Qingdao Rhino International Co., Ltd (a Chinese corporation) and Rhino Tire USA, LLC. (a Florida Limited Liability Company) (collectively "Rhino Tire") for infringement due to their use of RHINO marks, including RHINO OFF-ROAD. Rhino Tire was involved in USPTO Opposition Proceeding number 91274920 with NAADE involving NAADE's claim of a conflict between NAADE's alleged rights to the trademark GO RHINO and Rhino Tire's registration of the trademark RHINO OFF-ROAD.

Wheel Pros alleges that the terms of the Settlement Agreement, including the concessions made by Rhino Tire and the admissions made by Rhino Tire, are likely to be highly probative of the trademark issues in the underlying Florida Action between Wheel Pros and Rhino Tire that relate to the RHINO mark. Wheel Pros has thus met its threshold burden to show that the requested Settlement Agreement is relevant or likely to lead to relevant evidence. The parties opposing discovery thus bear the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting their objections with competent evidence. *See Lofton*, 308 F.R.D. 276, 280–81.

**2.    The Confidentiality Agreement Sufficiently Protects the Settlement Agreement**

Bayramoglu has refused to produce the Settlement Agreement because, it says, while Bayramoglu's former client, Rhino Tire, does not object to the production of the Settlement Agreement to Wheel Pros under the provisions of the confidentiality agreement in the Florida Action, the agreement contains a confidentiality clause that prohibits it from disclosing the agreement to a third party without permission from non-party NAADE. Bayramoglu has also argued that the documents are more properly sought from actual parties to the Florida Action and not from Bayramoglu who is a non-party. Wheel Pros has represented that it sought the documents related to the agreement in issue from Defendants, specifically:

REQUEST NO. 41 - Copies of all agreements between you and any other person involving any of Defendants' Challenged Marks, or the manufacturing, advertising, promotion, marketing, distribution,

or sale of any goods or services sold or intended to be sold under or in connection with any of Defendants' Challenged Marks.

Response: No such documents exist.

Wheel Pros has contacted NAADE's counsel about this issue and notified him of these proceedings, but NAADE has failed to take any action other than to refuse to grant permission for the production. Indeed, Wheel Pros informed NAADE the day it filed the present motion—April 25, 2023—that it intended to try to obtain the settlement agreement by order from this Court. *See* ECF No. 9-10 (Exh. 1-P). NAADE's counsel responded with a voicemail indicating that he thought the settlement agreement would be ordered disclosed by this Court.  *See* ECF No. 9-11 (Exh. 1-Q). NAADE's counsel has taken no steps to intervene in this proceeding.

It appears to the Court based on representations from both Wheel Pros and Bayramoglu that NAADE's counsel is responsive to email communication, and the Court therefore authorizes email service of this Order on NAADE at its Counsel's email address at kstetina@stetinalaw.com.

Even if there is not an express procedure in the settlement agreement governing disclosure, courts in this Circuit and in the 11th circuit (where the underlying case is pending) have repeatedly held that even confidential settlement agreements are generally discoverable, at least subject to proper confidentiality agreements regarding the production.

> Confidentiality and relevancy considerations are the typical barriers to permitting discovery of settlement agreements. *Virtual Studios, Inc. v. Royalty Carpet Mills, Inc.*, 2013 WL 12090122, at *4 (N.D. Ga. Dec. 23, 2013). However, "[d]espite the salutary purposes of preserving confidentiality to encourage settlements, under appropriate circumstances courts have the authority to encroach upon such agreements." *Gutter v. E.I. DuPont de Nemours & Co.*, 2001 WL 36086590, at *1 (S.D. Fla. Jan. 31, 2001). Even Federal Rule of Evidence 408, which limits the admissibility of settlement negotiations, "does not create a settlement privilege for purposes of discovery or make settlement agreements and negotiations per se undiscoverable." *Kipperman v. Onex Corp.*, 2008 WL 1902227, at *9 (N.D. Ga. Apr. 25, 2008). The undersigned recognizes the interests third parties have in the confidentiality of settlement agreements, but litigants cannot shield settlement agreements from discovery solely based on confidentiality if the agreement is relevant to the action, or likely to lead to relevant evidence. *Gutter*, 2001 WL 36086590, at *1; *Channelmark Corp. v. Destination Prod. Int'l, Inc.*, 2000 WL 968818, at *2 (N.D. Ill, July 7, 2000).

*Silver Streak Trailer Co., LLC v. Thor Industries, Inc.*, No. 18-14126-CIV, 2018 WL 8367073, at *6 (S.D. Fla. Nov. 15, 2018); *accord*, *Hem & Thread, Inc. v. Wholesalefashionsquare.com, Inc.*, No.

219CV00283CBMAFMX, 2020 WL 5044610, at *2-3 (C.D. Cal. June 16, 2020).

Courts have also repeatedly noted that concerns about production of confidential settlement agreements can be met by an appropriate protective order. "Third parties argue the documents are confidential and proprietary. This contention is easily rejected. There is a Confidentiality Order already entered in the Arizona District Court and Third Parties can produce the documents pursuant to the Attorneys' Eyes Only provision in that order." *Unisource Worldwide, Inc. v. Swope*, No. CV 13-02822-JEM, 2013 WL 12116382, at *2 (C.D. Cal. May 14, 2013); *accord*, *Hem & Thread*, 2020 WL 5044610, at *3; *Silver Streak*, 2018 WL 8367073, at *6 ("[t]he interest in confidentiality is adequately addressed here by the stipulated protective order"). *See also, In re Banc of California Sec. Litig.*, No. SACV1700118AGDFMX, 2018 WL 1726237, at *2 (C.D. Cal. Apr. 6, 2018) ("As for privacy rights, Karish contends that the parties' protective order would not adequately protect his concerns, notwithstanding the fact that the settlement agreement could be designated "Highly Confidential—Attorney's Eyes Only" under the Court's protective order. … The Court routinely rejects these kinds of arguments, and Karish has made no showing that the risks in this case are any greater than in any other case where protective orders routinely serve their purpose." (ordering production of settlement agreement in response to third-party subpoena)).

Wheel Pros has agreed to treat the settlement agreement as "Confidential—Attorneys' Eyes Only" pursuant to the Confidentiality Agreement in effect in the Florida Action. Accordingly, the Court intends to follow applicable precedent, and, in the absence of compelling arguments by NAADE to the contrary submitted pursuant to the procedures outlined below, finds that the Confidentiality Agreement provides sufficient protection for the Settlement Agreement.

## IV. Conclusion

The Court has considered the motion filed by Wheel Pros, the response filed by Bayramoglu, the papers filed in support of each, and the arguments of counsel at the July 14, 2023 hearing; and, it preliminarily appears to the Court that the Confidentiality Agreement sufficiently protects any potentially valid confidentiality interests of NAADE in the Settlement Agreement, and

that Wheel Pros has shown good cause for the entry of such order; accordingly, it is hereby

ORDERED that NAADE, **if, and only if, it objects to production of the Settlement Agreement as required by this Order**, must enter an appearance in this matter and file via ECF and serve on the parties hereto within Twenty-One (21) calendar days of email service ("Objection Period") of this Order to NAADE's counsel, a factually and legally supported argument in view of the standards set forth in this Order showing GOOD CAUSE why the Settlement Agreement should not be produced to Wheel Pros pursuant to the protections of the Confidentiality Agreement; and

IT IS FURTHER ORDERED that should NAADE file an objection and arguments, the Court will either set a hearing or a further briefing schedule;

IT IS FURTHER ORDERED that if NAADE does not, within such Objection Period , enter an appearance and file a factually and legally supported argument as set forth above, Bayramoglu shall produce the Settlement Agreement to Wheels Pros pursuant to the Confidentiality Agreement within 12 hours after the expiration of the Objection Period; and

IT IS FURTHER ORDERED that, a copy of this Order shall be served forthwith by Wheel Pros upon NAADE or its counsel, via email or otherwise as expeditiously as practicable.

IT IS SO ORDERED

DATED this 28th day of July, 2023.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE